No. ——

First Circuit Appeal

---

LESTER FOOTE, ET AL., v. ST. JOHN GRAND LODGE, A. F. & A. M. ALINE FOOTE, Intervenor

---

(Dec. 30, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Association—Par. 21.**
Where a benefit certificate of fraternal insurance is made to the insured's "four children" the placing of the name of the wife as beneficiary on an affidavit required by a subsequent by-law of the order requiring the names of beneficiaries does not make the wife the beneficiary but the "four children" remain such, especially where such was the express wish of the insured.

. Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit brought by the children of the deceased to recover fraternal insurance. The wife intervened. There was judgment for plaintiffs and intervenor appealed. Judgment affirmed.

Robt. Harry, of Opelousas, attorney for plaintiff and appellee.

C. M. Robinson, W. A. Robinson, of Opelousas, attorneys for defendant and appellant.

LECHE, J. W. H. Foote obtained from the defendant an insurance benefit certificate on May 26, 1921, payable to his *four children*, and died in the month of September, 1922. Defendant has no direct interest in the present suit by the four children of Foote, except to the extent that the fund of five hundred dollars for which it virtually admits its liability, he paid to the proper person or persons. The contest is between plaintiffs and Aline Foote, widow of W. H. Foote by his second marriage.

It seems that after the benefit certificate was issued to Foote, in May 1921, there was held the latter part of June, 1921, a convocation of the defendant Grand Lodge, at which it was decided that benefit certificates should bear the names of beneficiaries. In conformity with this action of the Grand Lodge, all subordinate Lodges were accordingly notified and the members were ordered to give the names of their beneficiaries by affidavits sworn to in the presence of a notary public, and to pay fifty cents to the grand secretary for a rider to be attached to each certificate in which the names were to be written, W. W. Solite, Secretary of the subordinate lodge located in Opelousas, of which W. H. Foote was a member, took it upon himself to forward to the grand lodge in Shreveport, the name of Aline Foote who was then the wife of W. H. Foote, as beneficiary of Foote's certificate. The evidence

leaves no doubt that Foote never designated his wife as his beneficiary and that as soon as he discovered the error made by Solite, local secretary, he wrote the latter and gave him a list of the names of his four children. Pending the correspondence between Solite and the secretary of the grand lodge and before a rider drawn up in conformity with the wishes of Foote could be issued by the grand secretary in compliance with the new regulation of the grand lodge, Foote departed this life.

It must be observed that the question involved does not relate to a change of beneficiary nor to the manner and form in which such change should be demanded and effected. Foote never contemplated a change in the beneficiary of his insurance. What he was requested to do and what he was willing to do, was to specify the names of the beneficiaries whom he had then already designated as his "four children". At the time he first made such designation as his "four children", it is not disputed that this was sufficient. It was the defendant grand lodge which required by a by-law subsequently adopted, that the names of these four children should be specifically mentioned. Therefore the jurisprudence in regard to a change of beneficiary, which has not been regularly and legally executed, has no bearing upon this case.

The error in carrying out the by-laws adopted by the grand lodge in June 1921, was made by Solite who was acting as agent of the grand lodge and not as agent of Foote, and it would be unconscionable to hold Foote responsible for such error.

We believe the judgment appealed from which is in favor of plaintiff should be affirmed and

It is so ordered.